UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANDRES ESTEVEZ, ALEJANDRO GOMEZ,
and RAMIRO HERNANDEZ,

Plaintiffs,

v.

1051 MORRIS PARK PIZZA CORP. d/b/a
EMILIO'S GOURMET PIZZA & PASTA, and
RICARDO DINARDO, as Chief Executive
Officer, jointly and severally,

Defendants.
-------------------------------------------------------------x

ECF CASE

AMENDED COMPLAINT

Case No. 15 Civ. 3255 (WHP)

Plaintiffs Andres Estevez, Alejandro Gomez and Ramiro Hernandez ("Plaintiffs"), by and though their undersigned attorneys, Baron Associates P.C., hereby file this Amended Complaint as of right within the statutory allotted time period against Defendants, 1051 Morris Park Pizza Corp. d/b/a Emilio's Gourmet Pizza & Pasta, and Ricardo Dinardo, as Chief Executive Officer, and alleges, upon personal knowledge as to themselves, and upon information and belief as to other matters, as follows:

**INTRODUCTION**

1. This lawsuit seeks to recover unpaid overtime wages, unpaid wages, uniform maintenance pay and sick pay for Plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), United States Department of Labor, Wage and Hour Division's Regulations Relating to Labor, Title 29, Subtitle B, Chapter V et seq. ("Federal Wage Regulations") New York State's Minimum Wage Act, New York State Labor Law §§ 190 et seq.

1

("NYLL") and §§ 650 et seq. ("NYLL") and New York State Department of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 et seq. ("State Wage Order").

2.   This lawsuit further seeks liquidated damages, statutory penalties, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

3.   Throughout the relevant period, it has been Defendants' policy to deprive Plaintiffs of earned overtime wages.   In order to avoid paying Plaintiffs overtime premiums for the hours they worked in excess of 40 in a workweek, Defendants paid Plaintiffs at their *regular rate* for all hours worked in a workweek.

4.   Defendants systematically ignored the requirements of the FLSA and NYLL and failed to compensate Plaintiffs at the statutory overtime rate of one and one half times their *regular rate* for all hours worked above 40 hours in each workweek.

5.   Plaintiffs bring this action, pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.* to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiffs of their lawfully earned wages.

## JURISDICTION AND VENUE

6.   This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' claims under the NYLL, pursuant to 28 U.S.C. § 1367.

7.   Venue is proper in this district, pursuant to 28 U.S.C. § 1391, as the Defendants' principal place of business is in this district.

8.   This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### Plaintiffs

9. Plaintiff Andres Estevez is an adult who, at all relevant times, resided in Bronx County, New York.

10. Plaintiff Andres Estevez is employed by Defendants at 1051 Morris Park Avenue, Bronx, New York 10461, as a cook, since on or about October 2001.

11. At all relevant times, Plaintiff Andres Estevez is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e), 29 CFR § 778.110, 12 NYCRR § 146-3.2 and the NYLL §§ 2(5), 190(2), and 651(5).

12. Plaintiff Alejandro Gomez is an adult who, at all relevant times, resided in Bronx County, New York.

13. Plaintiff Alejandro Gomez is employed by Defendants at 1051 Morris Park Avenue, Bronx, New York 10461 as a food preparer and dish washer since on or about April 2014.

14. At all relevant times, Plaintiff Alejandro Gomez is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e), 29 CFR § 778.110, 12 NYCRR § 146-3.2 and the NYLL §§ 2(5), 190(2), and 651(5).

15. Plaintiff Ramiro Hernandez is an adult who, at all relevant times, resided in Bronx County, New York.

16. Plaintiff Ramiro Hernandez is employed by Defendants at 1051 Morris Park Avenue, Bronx, New York 10461 as a food preparer since on or about April 2014.

17. At all relevant times, Plaintiff Ramiro Hernandez is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e), 29 CFR § 778.110, 12 NYCRR § 146-3.2 and the NYLL §§ 2(5), 190(2), and 651(5).

18. During all relevant times, Plaintiffs were responsible for food and beverage for human consumption and related services for Defendants' customers, consumers and guests at Defendants' restaurant.

19. To date, Plaintiffs continue to work for Defendants.

**Defendants**

20. Defendant 1051 Morris Park Pizza Corp. d/b/a Emilio's Gourmet Pizza & Pasta (hereinafter "1051 Morris Park Pizza Corp.") is a domestic business entity duly existing under the laws of the State of New York.

21. At all relevant times, 1051 Morris Park Pizza Corp. maintained its principal place of business at 1051 Morris Park Avenue, Bronx, New York 10461.

22. 1051 Morris Park Pizza Corp. employs 5 or more employees.

23. Defendant Ricardo Dinardo ("Dinardo") is a natural person engaged in business in the City of New York and County of New York.

24. At all relevant times, Dinardo was the Chief Executive Officer of 1051 Morris Park Pizza Corp.   Dinardo is sued individually in his capacity as an owner, Chief Executive Officer, officer and / or agent of 1051 Morris Park Pizza Corp.

25. Dinardo exercises sufficient control over the operations at 1051 Morris Park Pizza Corp. to be considered Plaintiffs' employer under the FLSA, 29 U.S.C. § 203(d), and NYLL §190(3),

and, at all relevant times, established and implemented the pay practices at 1051 Morris Park Pizza Corp.

26. Collectively, 1051 Morris Park Pizza Corp. and Dinardo are hereinafter referred to as "Defendants."

27. At all relevant times, Defendants were engaged in the hospitality industry within the meaning of the 12 NYCRR §146-3.1.

28. At all relevant times, Defendants were covered employers within the meaning of the FLSA, 29 U.S.C. § 203(d), 12 NYCRR §146-3.1and NYLL §§ 2(6), 190(3), and 651(6), and employed and / or jointly employed Plaintiffs.

29. At all relevant times, Defendants maintained control, oversight, and direction over Plaintiffs, including payroll and other employment practices that applied to them.

30. At all relevant times, Defendants had the power to hire and fire Plaintiffs.   Defendants also controlled Plaintiffs' terms and conditions of employment, and determined their rate and method of compensation.

## FACTUAL ALLEGATIONS

31. Defendants hired Plaintiff Andres Estevez (hereinafter "Estevez") on or about September 2007 to work as a cook at 1051 Morris Park Pizza Corp.

32. As a cook, Estevez's duties include preparing and cooking foods, and cleaning his workspace and kitchen.

33. At all relevant times during Estevez's employment with Defendants, Defendants required that Estevez work, on average 12 hours a day, 5 days a week for a total of 60 hours per week with an additional 15 minutes daily to finish up his cleaning duties.

34. At all relevant times during Estevez's employment with Defendants, Estevez's duties as a cook did not include managerial responsibilities or the exercise of independent judgment.

35. At all relevant times during Estevez's employment with Defendants, Defendants required that Estevez work with only a 15 minute lunch break and without any vacation days, sick days or personal days.

36. At all relevant times during Estevez's employment with Defendants, Estevez was required to wear a uniform. The uniform consisted of a shirt and pants. Defendants initially provided Estevez with 4 shirts as part of his uniform. During Estevez's employment with Defendants, Estevez was required to buy approximately 20 work pants at $18.50 each and Estevez also bought 2 additional shirts at $20 each from Defendants.

37. At all relevant times during Estevez's employment with Defendants, Estevez was required to clean his uniform at his own expense.

38. From on or around September 2007 through on or around December 2011, during Estevez's employment with Defendants, Defendants paid Estevez a sum of $500.00 cash at the end of each workweek for the entire workweek.

39. As such, Estevez's *regular rate* of pay was $8.33 per hour and his overtime premium rate of pay should have been $12.50.

40. From on or around September 2007 through on or around December 2011, Defendants were required to pay Estevez $583.40 per week.

41. From on or around January 2012 through on or around December 2014, during Estevez's employment with Defendants, Defendants paid Estevez a sum of $580.00 cash at the end of each workweek for the entire workweek.

42. As such, Estevez's *regular rate* of pay was $9.67 per hour and his overtime premium rate of pay should have been $14.50.

43. From on or around January 2012 through on or around December 2014, Defendants were required to pay Estevez $676.60 per week.

44. Since on or around January 2015, during Estevez's employment with Defendants, Defendants paid Estevez a sum of $630.00 cash at the end of each workweek for the entire workweek.

45. As such, Estevez's *regular rate* of pay was $10.50 per hour and his overtime premium rate of pay should have been $15.75.

46. Since on or around January 2015, Defendants were required to pay Estevez $735.00 per week.

47. Defendants hired Plaintiff Alejandro Gomez (hereinafter "Gomez") on or about September 2007 to work as a food preparer and dish washer at 1051 Morris Park Pizza Corp.

48. As a food preparer and dish washer, Gomez's duties include preparing foods, ingredients, and sauces, washing dishes, occasionally serving food, and cleaning the kitchen.

49. . At all relevant times during Gomez's employment with Defendants, Defendants required that Gomez work, on average 12 hours a day, 5 days a week for a total of 60 hours per week, which included an additional 15 minutes to finish up his cleaning duties.

50. At all relevant times during Gomez's employment with Defendants, Gomez's duties as a food preparer and dish washer did not include managerial responsibilities or the exercise of independent judgment.

51. At all relevant times during Gomez's employment with Defendants, Defendants required that Gomez work with only a 15 minute lunch break and without any vacation days, sick days or personal days.

52. At all relevant times during Gomez's employment with Defendants, Gomez was required to wear a uniform. The uniform consisted of a shirt and pants. Defendants initially provided Gomez with 4 shirts as part of his uniform. During Gomez's employment with Defendants, Gomez was required to buy 4 work pants at $18.50 each.

53. At all relevant times during Gomez's employment with Defendants, Gomez was required to clean his uniform at his own expense.

54. From on or around April 2014 through on or around March 2015, during Gomez's employment with Defendants, Defendants paid Gomez a sum of $440.00 cash at the end of each workweek for the entire workweek.

55. As such, Gomez's *regular rate* of pay was $7.33 per hour, which was below the New York State minimum wage guidelines of at least $8.00 per hour starting on December 31, 2013, and at least $8.75 per hour starting on December 31, 2014, respectively.

56. Since on or around April 2015, during Gomez's employment with Defendants, Defendants paid Gomez a sum of $480.00 cash at the end of each workweek for the entire workweek.

57. As such, Gomez's *regular rate* of pay was $8.00 per hour, which was below the New York State minimum wage guidelines of at least $8.75 per hour.

58. Accordingly, Gomez's overtime premium rate of pay should have been at least $12.00 per hour from on or around April 2014 through December 30, 2014, and at least $13.13 per hour starting on December 31, 2014, respectively.

59. From on or around April 2014 through December 30, 2014, Defendants were required to pay Gomez $560.00 per week.

60. Beginning on or around December 31, 2014, Defendants were required to pay Gomez $612.60 per week.

61. Defendants hired Plaintiff Ramiro Hernandez (hereinafter "Hernandez") on or about September 2007 to work as a food preparer at 1051 Morris Park Pizza Corp.

62. As a food preparer, Hernandez's duties include preparing foods, ingredients, and sauces, preparing food for takeout delivery, and cleaning the kitchen.

63. At all relevant times during Hernandez's employment with Defendants, Defendants required that Hernandez work, on average 13 hours a day, 5 days a week for a total of 65 hours per week with an additional 15 minutes daily to finish up his cleaning duties.

64. At all relevant times during Hernandez's employment with Defendants, Hernandez's duties as a food preparer did not include managerial responsibilities or the exercise of independent judgment.

65. At all relevant times during Hernandez's employment with Defendants, Defendants required that Hernandez work with only a 15 minute lunch break and without any vacation days, sick days or personal days.

66. At all relevant times during Hernandez's employment with Defendants, Hernandez was required to wear a uniform. The uniform consisted of a shirt and pants. Defendants initially

provided Hernandez with 4 shirts as part of his uniform. During Hernandez's employment with Defendants, Hernandez was required to buy 7 work pants at $18.50 each.

67. At all relevant times during Hernandez's employment with Defendants, Hernandez was required to clean his uniform at his own expense.

68. From on or around September 2007 through on or around October 2012, during Hernandez's employment with Defendants, Defendants paid Hernandez a sum of $450.00 cash at the end of each workweek for the entire workweek.

69. As such, Hernandez's *regular rate* of pay was $6.92 per hour, which was below the FLSA minimum wage guidelines of at least $7.25 per hour starting on July 24, 2009, and the New York State minimum wage guidelines of at least $7.15 per hour starting on January 1, 2007, and at least $7.25 per hour starting on July 1, 2009, respectively.

70. Hernandez's overtime premium rate of pay should have been at least $10.73 from on or around September 2007 through June 30, 2014, and at least $10.88 per hour starting on July 1, 2009 through on or around October 2012, respectively.

71. From on or around September 2007 through June 30, 2014, Defendants were required to pay Hernandez $554.25 per week.

72. From July 1, 2009 through on or around October 2012, Defendants were required to pay Hernandez $562.00 per week.

73. From on or around November 2012 through on or around February 15, 2015, during Hernandez's employment with Defendants, Defendants paid Hernandez a sum of $550.00 cash at the end of each workweek for the entire workweek.

74. As such, Hernandez's *regular rate* of pay was $8.46 per hour, which was below the New York State minimum wage guidelines of at least $8.75 per hour starting on December 31, 2014.

75. Hernandez's overtime premium rate of pay should have been at least $12.69 through December 30, 2014, and at least $13.13 per hour starting on December 31, 2014.

76. From on or around November 2012 through December 30, 2014, Defendants were required to pay Hernandez $655.65 per week.

77. Starting on December 31, 2014 through on or around February 15, 2015, Defendants were required to pay Hernandez $678.25 per week.

78. Since on or around February 15, 2015, during Hernandez's employment with Defendants, Defendants paid Hernandez a sum of $600.00 cash at the end of each workweek for the entire workweek.

79. As such, Hernandez's *regular rate* of pay was $9.23 per hour and his overtime premium rate of pay should have been $13.85

80. Since on or around February 15, 2015, Defendants were required to pay Hernandez $715.45 per week.

81. At all relevant times, Defendants had a policy, pattern and / or practice of withholding and deducting the first three (3) days wages worked by Plaintiffs and holding said wages as a "deposit" to be paid to Plaintiffs after Plaintiffs' employment with Defendants ceased.

82. At all relevant times, Defendants' deductions violated the FLSA, Federal Wage Regulations, NYLL, and New York State's Minimum Wage Act.

83. At all relevant times, Defendants deducted so much that the Plaintiffs' earnings fell below the minimum wage in violation of the FLSA, Federal Wage Regulations, NYLL, and New York State's Minimum Wage Act.

84. To date, none of the Plaintiffs have been paid by Defendants for the first three days worked.

85. During all relevant times, Defendants were required to pay Plaintiffs an additional hour of pay for days in which Plaintiffs worked a spread-of-hours in excess of ten hours in accordance with the NYLL and the New York State Department of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 *et seq.*

86. At all relevant times during Plaintiffs' employment with Defendants, Plaintiffs regularly worked a spread in excess of ten hours per day.

87. During all relevant times, Defendants failed to pay Plaintiffs additional compensation as required by NYLL and the New York State Department of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 *et seq.*

88. At all relevant times, Defendants willfully refused to make, keep, maintain and preserve accurate records with respect to Plaintiffs sufficient to determine the wages, hours, and other conditions and practices of employment, in violation of the FLSA and NYLL.

89. At all relevant times during Plaintiffs' employment with Defendants, Defendants failed to provide Plaintiffs with wage statements documenting all their hours worked and / or wages received.

90. At all relevant times during Plaintiffs' employment with Defendants, Defendants have failed to completely and accurately document and record the number of hours worked each day or week by Plaintiffs as required by the FLSA and NYLL.

91. Defendants' failure to accurately maintain, keep and preserve records with respect to Plaintiffs is in violation of FLSA, 29 U.S.C. §§ 201, *et seq.*, Federal Wage Regulations, 29 CFR 516 *et seq.*, NYLL and New York State Department of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 *et seq.*

92. At all relevant times during Plaintiffs' employment with Defendants, Defendants willfully refused to pay Plaintiffs minimum wages, in violation of the FLSA, Federal Wage Regulations, NYLL, and New York State's Minimum Wage Act.

93. At all relevant times during Plaintiffs' employment with Defendants, Defendants were aware or should have been aware that they were required to pay Plaintiffs minimum wages for the hours worked each workweek.

94. At all relevant times during Plaintiffs' employment with Defendants, Defendants willfully refused to pay Plaintiffs overtime pay, in violation of the FLSA and NYLL.

95. At all relevant times during Plaintiffs' employment with Defendants, Defendants were aware or should have been aware that they were required to pay Plaintiffs for the overtime hours worked each workweek.

96. At all relevant times during Plaintiffs' employment with Defendants, Defendants had a policy, pattern and / or practice of not paying the FLSA or NYLL overtime rate of one and one half times the *regular rate* of pay.

97. During all relevant times, Defendants failed to post or keep posted notices explaining minimum wages and overtime pay rights as required by the FLSA and the Federal Wage Regulations.

98. During all relevant times, Defendants failed to post or keep posted in a conspicuous place, notices describing wage and hour laws and illegal deductions as required by NYLL and the New York State Department of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 *et seq*.

99. During all relevant times, Defendants failed to post or keep posted in languages understood by employees, in a place accessible to employees and in a conspicuous manner, the notices of employee rights to receive minimum wage and overtime premium as required by the FLSA and NYLL.

100.    During all relevant times, Defendants failed to post or keep posted a copy of §193 of the NYLL regarding the prohibition on illegal deduction from wages.

101.    During all relevant times, Defendants failed to provide Plaintiffs at the time of hiring, or at any subsequent time, written notices setting forth the rate and basis of pay, allowances claimed, pay day, employer name and contact information, and any "doing business as" names used by the Defendants.

102.    During all relevant times, Defendants failed to provide along with each payment of wages or at any other time, statements listing the dates of work covered by the payment, the employee's name, the employer's name, the address and phone number of the employer, the rate and basis of pay, including overtime pay, the number of regular hours worked, the number of overtime hours worked, gross wages, deductions, allowances claimed and net wages.

14

103.     The failures listed in the preceding paragraphs violated the NYLL, including NYLL§195.

104.     During all relevant times, Defendants knowingly, willfully and intentionally committed the acts alleged herein.

105.     During all relevant times, Defendants knew that the nonpayment of wages, minimum wage, overtime pay and spread-of-hours pay would financially injure Plaintiffs.

106.     During all relevant times, Defendants knowingly and intentionally violated the FLSA and NYLL.

### FIRST CLAIM OF RELIEF
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES

107.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

108.     At all relevant times, Plaintiffs were employees within the meaning of the FLSA, 29 U.S.C. § 203(e).

109.     At all relevant times, Defendants were employers within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 206(a).

110.     At all relevant times, Plaintiffs routinely worked over forty (40) hours in a work week.

111.     At all relevant times, Defendants were required to pay Plaintiffs premium overtime rates of one and one-half times their *regular rate* of pay for all hours worked in excess of 40 hours in each workweek.

112.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs premium overtime rates of one and one-half times their *regular rate* of pay for all hours worked in excess of 40 hours in each workweek.

113.     As a result of the Defendants' willful failure to pay Plaintiffs premium overtime rates of one and one-half times their *regular rate* of pay for all hours worked in excess of 40 hours in each workweek, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, the Federal Wage Regulations, and the supporting United States Department of Labor regulations.

114.     The Defendants knew or should have known that they were required to pay Plaintiffs premium overtime rates of one and one-half times their *regular rate* of pay for all hours worked in excess of 40 hours in each workweek.

115.     Defendants willfully and intentionally disregarded this requirement and failed to make a good faith effort to comply with the FLSA regarding the rate and method of compensation it paid to Plaintiffs.   Such conduct constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a) and, as such, a 3 year statute of limitations applies.

116.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants unpaid overtime wages and an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, prejudgment interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM OF RELIEF**
**NEW YORK LABOR LAW – UNPAID OVERTIME WAGES**

117.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

118.     At all relevant times, Plaintiffs were employees within the meaning of the NYLL §§ 2(5), 190(2), and 651(5).

119.     At all relevant times, Defendants were employers within the meaning of the NYLL §§ 2(6), 190(3), and 651(6).

120.     At all relevant times, Plaintiffs routinely worked over forty (40) hours in a work week.

121.     At all relevant times, Defendants were required to pay Plaintiffs premium overtime rates of one and one-half times their *regular rate* of pay for all hours worked in excess of 40 hours in each workweek.

122.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs premium overtime rates of one and one-half times their *regular rate* of pay for all hours worked in excess of 40 hours in each workweek.

123.     As a result of the Defendants' willful failure to pay Plaintiffs premium overtime rates of one and one-half times their *regular rate* of pay for all hours worked in excess of 40 hours in each workweek, Defendants violated NYLL §§ 190 *et seq.* and §§ 650 *et seq.*, New York State Department of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 *et seq.*, and the supporting New York State Department of Labor Regulations.

124.     The Defendants knew or should have known that they were required to pay Plaintiffs premium overtime rates of one and one-half times their *regular rate* of pay for all hours worked in excess of 40 hours in each workweek.

125.     Defendants willfully and intentionally disregarded this requirement and failed to make a good faith effort to comply with the NYLL regarding the rate and method of compensation it paid to Plaintiffs. Such conduct constitutes willful violations of NYLL §§ 190 et seq. and §§ 650 et seq., New York State Department of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 *et seq.*, and the supporting New York State Department of Labor Regulations.

126.     Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants unpaid overtime wages and an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, prejudgment interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to NYLL §§ 198 and 663(1).

### THIRD CLAIM OF RELIEF
### FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGES

127.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

128.     At all relevant times, Defendants were required to pay Plaintiffs at least the minimum wage.

129.     At all relevant times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of 29 USC 206(a) and 207(a).

130.     As a result of the Defendants' willful failure to pay Plaintiffs at least the minimum wage, Defendants violated FLSA, 29 U.S.C. §§ 201 *et seq.*, Federal Wage Regulations, and the supporting United States Department of Labor regulations.

131.     The Defendants knew or should have known that they were required to pay Plaintiffs at least the minimum wage.

132.     Defendants' failure to compensate Plaintiffs the applicable minimum hourly wage was in violation of 29 USC 206(a).

133.     Defendants willfully and intentionally disregarded this requirement and failed to make a good faith effort to comply with the FLSA regarding the rate and method of compensation it paid to Plaintiffs. Defendants knew that their nonpayment of Plaintiffs at the minimum wage would financially injure Plaintiffs. Such conduct constitutes willful violations of the FLSA, 29 U.S.C. §§ 201 *et seq.*, Federal Wage Regulations, and the supporting United States Department of Labor regulations.

134.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants unpaid wages and an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, prejudgment interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b)..

## FOURTH CLAIM OF RELIEF
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGES

135.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

136.     At all relevant times, Defendants were required to pay Plaintiffs at least the minimum wage.

137.     The Defendants knew or should have known that they were required to pay Plaintiffs at least the minimum wage.

138.     Defendants' failure to compensate Plaintiffs the applicable minimum hourly wage was in violation of New York State's Minimum Wage Act, NYLL §§ 190 *et seq.* and §§ 650 *et seq.*

139.     As a result of the Defendants' willful failure to pay Plaintiffs at least the minimum wage, Defendants violated New York State's Minimum Wage Act, NYLL §§ 190 *et seq.* and §§ 650 *et seq.*, New York State Department of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 *et seq.*, and the supporting New York State Department of Labor Regulations.

140.     Defendants willfully and intentionally disregarded this requirement and failed to make a good faith effort to comply with the NYLL regarding the rate and method of compensation it paid to Plaintiffs. Defendants knew that their nonpayment of Plaintiffs at the minimum wage would financially injure Plaintiffs. Such conduct constitutes willful violations of the New York State's Minimum Wage Act, NYLL §§ 190 et seq. and §§ 650 et seq., New York State Department of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 *et seq.*, and the supporting New York State Department of Labor Regulations.

141.     Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants unpaid wages and an additional amount equal as liquidated damages, additional

liquidated damages for unreasonably delayed payment of wages, prejudgment interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to NYLL §§ 198 and 663(1).

## FIFTH CLAIM OF RELIEF
## FAIR LABOR STANDARDS ACT – UNPAID WAGES

142.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

143.    At all relevant times, Defendants were required to compensate and pay Plaintiffs wages for all hours worked.

144.    Defendants had a policy, pattern and / or practice of withholding and deducting the first three (3) days wages worked by Plaintiffs and holding said wages as a "deposit" to be paid to Plaintiffs after Plaintiffs' employment with Defendants ceased.

145.    At all relevant times, Defendants deducted so much that the Plaintiffs' earnings fell below the minimum wage in violation of the FLSA and Federal Wage Regulations.

146.    At all relevant times, Defendants knew or should have known that such deductions violated the FLSA and Federal Wage Regulations.

147.    The Defendants knew or should have known that they were required to pay Plaintiffs their earned wage.

148.    To date, none of the Plaintiffs have been compensated by Defendants for the first three days worked.

149.    As a result of the Defendants' willful failure to pay Plaintiffs their earned wages, Defendants violated FLSA, 29 U.S.C. §§ 201 *et seq.*, Federal Wage Regulations, and the supporting United States Department of Labor regulations.

21

150.     Defendants willfully and intentionally disregarded this requirement and failed to make a good faith effort to comply with the FLSA. Such conduct constitutes willful violations of the FLSA, 29 U.S.C. §§ 201 *et seq.*, Federal Wage Regulations, and the supporting United States Department of Labor regulations.

151.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants unpaid wages and an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the FLSA, 29 U.S.C. § 216(b), Federal Wage Regulations, and the supporting United States Department of Labor regulations..

## SIXTH CLAIM OF RELIEF
## NEW YORK LABOR LAW – UNPAID WAGES

152.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

153.     At all relevant times, Defendants were required to compensate and pay Plaintiffs wages for all hours worked.

154.     Defendants had a policy, pattern and / or practice of withholding and deducting the first three (3) days wages worked by Plaintiffs and holding said wages as a "deposit" to be paid to Plaintiffs after Plaintiffs' employment with Defendants ceased.

155.     At all relevant times, Defendants deducted so much that the Plaintiffs' earnings fell below the minimum wage in violation of the NYLL and New York State's Minimum Wage Act.

22

156.    At all relevant times, Defendants knew or should have known that such deductions violated the NYLL, New York State's Minimum Wage Act, NYLL §§ 190 *et seq.* and §§ 650 *et seq.*, New York State Department of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 *et seq.*, and the supporting New York State Department of Labor Regulations.

157.    The Defendants knew or should have known that they were required to pay Plaintiffs their earned wage.

158.    To date, none of the Plaintiffs have been compensated by Defendants for the first three days worked.

159.    As a result of the Defendants' willful failure to pay Plaintiffs their earned wages, Defendants violated the NYLL, New York State's Minimum Wage Act, NYLL §§ 190 *et seq.* and §§ 650 *et seq.*, New York State Department of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 *et seq.*, and the supporting New York State Department of Labor Regulations.

160.    Defendants willfully and intentionally disregarded this requirement and failed to make a good faith effort to comply with the NYLL. Such conduct constitutes willful violations of the New York State's Minimum Wage Act, NYLL §§ 190 et seq. and §§ 650 et seq., New York State Department of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 *et seq.*, and the supporting New York State Department of Labor Regulations.

161.    Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants unpaid wages and an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, prejudgment interest, reasonable

attorneys' fees and costs and disbursements of this action, pursuant to the NYLL, NYLL §§ 198 and 663(1), New York State Department of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 *et seq.*, and the supporting New York State Department of Labor Regulations.

## SEVENTH CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW – SPREAD-OF-HOURS PAY

162.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

163.     At all relevant times, Plaintiffs routinely worked days with a spread-of-hours greater than ten (10) hours a day.

164.     Defendants willfully violated Plaintiffs' rights by failing to pay him spread-of-hours compensation of one additional hour of pay at the basic minimum hourly rate of pay when Plaintiffs' workday lasted longer than ten hours in accordance with the NYLL and the Wage Order.

165.     Defendants knew that nonpayment of spread-of-hours pay would financially injure Plaintiffs.

166.     Defendants' willful violations of the NYLL have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

167.     Defendants violated the NYLL, the New York State Department of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 et seq., and the supporting New York State Department of Labor Regulations.

168.     Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours compensation, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs and disbursements in connection with this action, pursuant to NYLL §§ 198, 663(1) and CPLR §5001.

## EIGHTH CLAIM OF RELIEF
## NEW YORK STATE LABOR LAW – UNIFORM MAINTENANCE PAY

169.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

170.     At all relevant times, Plaintiffs were required to wear specific type and style of clothing to be worn at work commonly known as uniforms, which were not part of Plaintiffs' ordinary wardrobe.

171.     At all relevant times, the uniforms were primarily for the benefit and convenience of the Defendants.

172.     At all relevant times, Defendants were required to reimburse the Plaintiffs for the cost of the uniforms and provide Plaintiffs with additional monies to maintain the uniforms.

173.     At all relevant times, Defendants had a policy and practice of refusing to reimburse the Plaintiffs for the cost of the uniforms and had a policy and practice of refusing to provide Plaintiffs with additional monies to maintain the uniforms.

174.     As a result of the Defendants' willful failure to reimburse the Plaintiffs for the cost of the uniforms and provide Plaintiffs with additional monies to maintain the uniforms, Defendants violated the FLSA, Federal Wage Regulations, NYLL, New York State Department

of Labor's Hospitality Industry Minimum State Wage Order, 12 NYCRR Part 146 et seq., and

the supporting New York State Department of Labor Regulations.

### NINTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW – VIOLATIONS OF THE WAGE THEFT PREVENTION ACT

175.     Plaintiffs repeat and reallege each and every allegation of the preceding

paragraphs hereof with the same force and effect as though fully set forth herein.

176.     At all relevant times, Defendants knowingly, willfully and intentionally failed to

supply Plaintiffs notice as required by NYLL Article 5, §195, containing Plaintiffs' rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other; the regular pay day designated by the Defendants in accordance with NYLL Article 6,

§191; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing

address if different; the telephone number of the employer; plus such information as the

commissioner deems material and necessary.

177.     Defendants knowingly, willfully and intentionally failed to supply Plaintiffs with

an accurate statement of wages as required by NYLL Article 6, §195, containing the dates of

work covered by that payment of wages; the name of the employee; name of the employer;

address and telephone number of the employer; rate of rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or

rates of pay and overtime rate or rates of pay; the number of hours worked, including overtime

hours; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

178.     Due to the Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants one hundred dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided by NYLL Article 6, §198(1-d), together with reasonable attorney's fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, requests that this Court grant the following relief:

a)  A declaratory judgment that Defendants' practices complained of herein are willful violations of the FLSA and NYLL;

b)  An injunction against Defendants' and their respective officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c)  An award of damages for unpaid regular wages, unpaid minimum wages, overtime wages and an additional, equal amount as liquidated damages owed under the FLSA and the supporting United States Department of Labor regulations;

d)  An award of damages for unpaid regular wages, unpaid minimum wages, overtime wages and an additional, equal amount as liquidated damages owed under the NYLL and the supporting New York State Department of Labor regulations;

e)  An award of Spread-of-Hours pay due under the NYLL and the State Wage Order;

    f)  An award of uniform maintenance pay due under the NYLL and the State Wage Order;

    g)  An award of one hundred dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided by NYLL Article 6, §198(1-d);

    h)  An award of prejudgment and post judgment interest under the FLSA and the NYLL;

    i)  An award of costs and expenses of this action together with reasonable attorneys' fees and costs; and,

    j)  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the FLSA Collective demand a trial by jury in this action.

Date:  May 20, 2015
       Brooklyn, New York

                                     Baron Associates P.C.
                                     *Attorneys for Plaintiffs*

                                     By: _____
                                     Joaquin E. Orellana (JO1119)
                                     Baron Associates P.C.
                                     2509 Avenue U
                                     Brooklyn, New York 11229
                                     Tel: (718) 934-6501
                                     Fax: (718) 648-7781
                                     Email: office@baronassoc.com
                                                           baronassociates@aol.com